UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDAH MILCHAMOT,

Petitioner,

-against-

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF CORRECTIONS,

Respondents.

25-CV-10734 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Petitioner, who currently is held in the Otis Bantum Correctional Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Petitioner challenges his criminal proceedings, which commenced in the Supreme Court, Bronx County, following his October 10, 2024 arrest and are ongoing. Petitioner also seeks removal to federal court of his state criminal proceedings, and he further alleges that the New York City Department of Correction ("DOC") has denied him access to legal materials. The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following allegations are drawn from the petition.[1] Petitioner Yehudah Milchamot alleges that on November 10, 2025, in his pending state criminal proceedings, Judge Jay Young denied him bail, "refused" him a trial, denied him the right to represent himself, and denied his request for appointment of a lawyer of his choosing (John Ahearn from the Bronx Defenders). (ECF 1 at 5.) Petitioner further alleges that he was improperly remanded pursuant to "CPL § 730.90(b)" for a psychiatric evaluation by the same psychiatrist who "had already see[n] this prisoner and determine[d] the prisoner must be placed in a psychiatric center for a 730 exam." (*Id.* at 10) Petitioner contends that DOC has denied him access to a tablet, which is how detainees access legal materials. (*Id*. at 2.) He contends that the lack of a tablet denies him

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

access to the courts and is the result of a conspiracy between the City of New York, and the "Appellate Division and all clerks & Judges." (*Id.* at 5.)

Petitioner brings this petition for a writ of *habeas corpus* under Section 2254, asking the Court to "issue" him a tablet, grant bail, grant the writ, and "grant a removal to federal court." (*Id.* at 15.)

## DISCUSSION

### A. Filing Fees

Petitioner is barred, under the Prison Litigation Reform Act's three-strikes provision, 28 U.S.C. § 1915(g), from filing any new action*in forma pauperis* ("IFP"), that is, without prepayment of the filing fees, while he is a prisoner. *See Mil'Chamot v. Transit Cop John Doe, et al.*, No. 15-CV-9121 (LAP) (S.D.N.Y. Dec. 28, 2015) (Section 1915(g) bar).[2] A petitioner barred under Section 1915(g) can still proceed IFP with a *habeas corpus* petition, which is not considered a civil action for purposes of Section 1915(g). *See Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013).

Petitioner is also barred, under 28 U.S.C. § 1651, from "filing future actions IFP in this Court without first obtaining from the Court leave to file." *Milchamot v. Preska*, No. 16-CV-

---

[2] In the Section 1915(g) bar order, the Court noted the following:

> The United States District Court for the District of New Jersey barred Plaintiff when he was filing cases under the name Michael Paul McDaniel. Thereafter, Plaintiff began filing cases under the name Yehudah Tziyon Ke'ish Mil'Chamot. *See e.g. Mil'Chamot aka McDaniel v. Lanigan*, No. 12-CV-3834 (D.N.J. Nov. 21, 2012) (referring to Plaintiff as a "recreational litigant"); *State of New Jersey v. McDaniel*, No. 10-CV-5372 (D.N.J. Nov. 23, 2010) (dismissing notice of removal, filed under McDaniel and Mil'Chamot, and remanding matter to state court).

*Mil'Chamot,* No. 15-CV-9121 (ECF 5 , at 2, n. 1).

6134 (CM) (S.D.N.Y. Sept. 28, 2016) (ECF 6 at 1.) Petitioner's Section 1651 bar, which applies to "future actions IFP in this Court," is not limited to "civil actions" and does not make an explicit exception for petitions for writs of *habeas corpus*, which have a $5.00 filing fee.

As an initial matter, the Court considers how this action should be characterized. Although the action is styled as a petition for a writ of *habeas corpus* under Section 2254, it can be construed as also including a civil rights claim, under 42 U.S.C. § 1983, against the City of New York, seeking injunctive relief for the denial of access to legal materials. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) ("[T]he district court erred in the belief that a claim for *habeas corpus* may not be joined in the same pleading with a civil rights claim."). In addition, this action could be construed as including a petition for removal of Petitioner's criminal proceedings.

With regard to Petitioner's civil rights claims and petition for removal of his criminal proceedings, Petitioner is barred under both Section 1915(g) and Section 1651 from proceeding IFP. The Court therefore denies the application to proceed IFP for his civil rights claims and removal petition.[3] Because Petitioner cannot proceed IFP and has not paid the $405.00 in filing fees due for a civil rights action or removal petition, the civil rights claims are dismissed without prejudice, and the criminal action is remanded to the criminal court.[4]

---

[3] For Petitioner's benefit, the Court notes that "when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon v. Loughren,* 386 F.3d 88, 98 (2d Cir. 2004).

[4] The Court also notes that Petitioner has already unsuccessfully attempted to remove the same criminal matter on several occasions. *See People of New York v. Milchamot*, No. 26-CV-00267 (LJL) (S.D.N.Y. Jan. 14, 2026) ("Because the notice of removal does not allege a proper basis for removal and does not comply with the procedural requirements for removal, the action must be remanded to state court."); *People of New York v. Milchamot*, No. 24-CV-09296 (DEH)

Turning to Petitioner's petition for a writ of *habeas corpus*, the Section 1915(g) bar on proceeding IFP does not apply. See *Jones*, 720 F.3d at 146 ("[A] *habeas* petition is not a 'civil action' under the three strikes provision and, as such, [a] court cannot bar a prisoner from filing a habeas petition *in forma pauperis* even if the prisoner has three strikes."). Petitioner's Section 1651 bar, which applies to "future actions IFP in this Court," does not explicitly address whether it applies to petitions for writs of *habeas corpus*.[5] In an abundance of caution, the Court therefore assumes for purposes of this action that Petitioner can proceed IFP in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, notwithstanding the Section 1651 bar, and grants the application to proceed IFP solely as to his petition for *habeas corpus* relief.[6]

**B. Relief Under 28 U.S.C. § 2254**

This is the ninth *habeas corpus* petition that Petitioner has brought in this court challenging his pending Bronx County criminal proceedings, and he styles this as a petition for a writ of *habeas corpus* under Section 2254.[7] As Petitioner has previously been informed, Section

---

(S.D.N.Y. Dec. 16, 2024) ("This action is hereby DISMISSED from federal court and REMANDED to state court."). There is no indication in this petition that Petitioner notified the criminal court of this purported removal of his pending criminal proceedings.

[5] *Compare Jones v. Caputo*, No. 22-CV-1640 (LTS), 2022 WL 623499, at *1 (S.D.N.Y. Mar. 3, 2022) ("The Court . . . does not understand Petitioner's section 1651 bar to preclude him from bringing this *habeas corpus* petition."), *with Phelps v. Superintendent, Gouverneur Corr. Fac.*, No. 20-CV-10352 (KPF), 2020 WL 7711619, at *1 (S.D.N.Y. Dec. 29, 2020) (Petitioner is [already] barred under 28 U.S.C. § 1651 from filing any new action *in forma pauperis* (IFP), including a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 . . ."). *See also Pittman v. Pennsylvania*, No. 26-CV-0881, 2026 WL 962401, at *3 (E.D. Pa. Apr. 8, 2026) (collecting cases and holding that "[m]any other federal district courts have either imposed or warned that they would impose pre-filing injunctions on vexatious unauthorized successive habeas petitioners.").

[6] Nothing in this Order prevents another court from directly addressing the legal question and potentially concluding that Petitioner's Section 1651 bar prevents him from proceeding IFP in *habeas* proceedings.

[7] *See Milchamot v. Warden Prince*, No. 26-CV-3072 (LTS) (S.D.N.Y. June 12, 2026) (dismissing Section 2241 petition as unexhausted, noting that public records show that on April 14, 2026, the First Department granted Petitioner leave to "have the appeal heard on the original

2254 does not apply in cases where criminal proceedings remain pending and no judgment has been entered. *See* 28 U.S.C. § 2254(a) (federal courts have jurisdiction to hear a Section 2254 petition filed on "behalf of a person in custody pursuant to the judgment of a State court"). Because a judgment of conviction has not been entered in Petitioner's state court matter, Petitioner cannot challenge his criminal proceedings in a Section 2254 petition.

A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the proper vehicle to challenge the constitutionality of pretrial detention. *See, e.g.*, *Taylor v. New York City*, No. 20-CV-5036 (MKV), 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241 (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973))). Petitioner is already on notice based on his prior actions that, for a petition under Section 2241, exhaustion of state court remedies is required. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of

---

record," and waived the fees for a subpoena and filing of the record)*; Milchamot v. Warden of O.B.C.C.*, No. 25-CV-9892 (LTS) (S.D.N.Y. Mar. 11, 2026) (denying Section 2254 petition and declining to construe as a petition under Section 2241 because Petitioner did not allege he exhausted state court remedies); *Milchamot v. New York City Dep't of Corrs*., No. 25-CV-4971 (KMW) (S.D.N.Y. July 11, 2025) (denying Section 2241 petition for failure to exhaust state court remedies); *Milchamot v. His Assassins*, No. 25-CV-2958 (LTS) (S.D.N.Y. May 27, 2025) (denying Section 2254 petition and declining to construe as a petition under Section 2241 because Petitioner did not allege he exhausted state court remedies); *Milchamot v. Warden of O.B.C.C.*, No. 25-CV-3528 (LTS) (S.D.N.Y. Apr. 30, 2025) (Section 2254 petition dismissed as duplicative of No. 25-CV-2958); *Milchamot v. Warden of O.B.C.C.*, No. 25-CV-2979 (LTS) (S.D.N.Y. May 27, 2025) (denying Section 2254 petition and declining to construe as a petition under Section 2241 because Petitioner did not allege he exhausted state court remedies); *Milchamot v. Chief Bronx Dist. Attorney*, No. 25-CV-1157 (JPC) (S.D.N.Y. Apr. 1, 2025) (construing Section 2254 petition as brought under Section 2241, and denying petition for failure to exhaust state court remedies); *Milchamot v. Chief, Bronx Dist. Attorney*, No. 24-CV-9295 (LTS) (S.D.N.Y. Jan. 13, 2025) (denying Section 2254 petition and declining to construe submission as a petitioner under Section 2241).

state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.”).

Before recharacterizing a petition brought under some other provision as a Section 2241 petition, courts must give a *pro se* litigant notice and an opportunity to withdraw the submission because recharacterization may affect a litigant’s future attempts to seek *habeas corpus* relief. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004) (discussing conversion to Section 2241 petition). Here, as described above, Petitioner has been notified in multiple prior actions that he must allege facts suggesting that he exhausted his state court remedies before filing a Section 2241 petition. Because Petitioner does not allege facts suggesting that he exhausted state court remedies before filing this action, it appears that it would be futile to recharacterize this action as a Section 2241 petition, and the Court therefore declines to do so.

Accordingly, the Court denies the Section 2254 petition without prejudice because Petitioner is not in custody pursuant to the judgment of a state court.

**CONCLUSION**

Petitioner’s IFP application in connection with his civil rights claims and removal of his criminal proceeding is denied because he is barred, under 28 U.S.C. §§ 1651 and 1915(g), from proceeding IFP for such actions. The civil rights claims, and any related state law claims, are therefore dismissed without prejudice, and the criminal proceedings are remanded to state court.

Petitioner’s IFP application is granted for purposes of his petition for a writ of *habeas corpus* under Section 2254, but the Section 2254 petition is denied without prejudice. Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Court directs the Clerk of Court to terminate all pending motions and enter judgment in this action.

SO ORDERED.

Dated: September 24, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge